APPEAL OF STANGE-ELLIOTT COAL CO.

Docket No. 5745.   Decided August 4, 1926.

1. The Board is without jurisdiction to redetermine overassessment for a year in which no deficiency has been asserted.
2. On the evidence, *held*, that the funds advanced for the construction of a railway track constitute a loan by the petitioner to the railroad company.

*Ottomar Stange* for the petitioner.
*John D. Foley, Esq.,* for the Commissioner.

Before ARUNDELL and LANSDON.

The Commissioner has determined a deficiency in income and profits taxes for the calendar year 1920 in the amount of $3,248.64, and has advised the petitioner of an overassessment for the calendar year 1919 in the amount of $203.44. The petitioner avers that the taxes in controversy amount, approximately, to $5,648.27, and bases this assertion on its demand that the amount of the overassessment for 1919 should be increased or the deficiency for 1920 reduced.

FINDINGS OF FACT.

The petitioner is a West Virginia corporation with its principal office at Charleston. It was organized in 1918, and, since that date,

has been engaged in the business of mining and marketing coal from a certain parcel of land, which it holds under a lease, the terms and conditions of which are not material to the issues involved in this proceeding.

At the date of the incorporation of the petitioner there were no railway facilities for shipping coal mined from the land under lease. To secure the shipping service necessary to the profitable operation of its lease, the petitioner entered into the following contract with the Kanawha & West Virginia Railroad Co.:

THIS AGREEMENT made and entered into this 15th day of December, 1917, WITNESSETH :

That Whereas, The Kanawha and West Virginia Railroad Company owns the right of way and a partially completed fill and roadway for the construction of the main line of its railroad extending from the end of its present main track, near Blakeley, West Virginia, 4050 feet up the Valley of Pond Fork of Blue Creek, over lands of Boyd and Hill, and is desirous of completing the same so as to preserve its rights in the premises, and to increase its revenue from the operation thereof, and

Whereas, The Stange-Elliott Coal Company is opening mines in tracts of land immediately adjacent to the line of the Railroad Company, as extended, and proposes to construct and maintain, at its own cost, the necessary sidings at its mines, and as an inducement to the Railroad Company to complete its main track aforesaid, as above described, has offered to furnish the Railroad Company all the necessary track materials for the construction of its main track as aforesaid,

It Is, Therefore, Agreed as follows:

1. The Stange-Elliott Coal Company shall advance to The Kanawha and West Virginia Railroad Company the entire cost, estimated at about Twelve Thousand Four Hundred and Eighty Five Dollars ($12,485.00), of making said extension of the Railroad Company's main track as above described, and upon the completion of the work the actual cost of said construction shall be ascertained by the proper officer of said Coal Company and the Chief Engineer of the Railroad Company, and the amount so agreed upon shall be certified to by them at the end of this agreement, and any balance due shall be paid by the Coal Company to the Railroad Company.

2. The Stange-Elliott Coal Company agrees to proceed forthwith to open and develop, upon the lease obtained by that Company from L. S. Hill, et al., a coal mine, and to operate the same with such diligence as to produce the maximum tonnage possible from said lease.

3. The Kanawha and West Virginia Railroad Company will refund to the Stange-Elliott Coal Company, the sum of One Dollar ($1.00) for each and every loaded car (excepting passenger cars) passing over said extension to and from the mines of the Coal Company, party hereto, or to or from any other shipper or consignee located along or receiving freight upon said extension of the main line of The Kanawha and West Virginia Railroad Company, upon which the freight revenue of the Railroad Company is assessed upon the carload basis and is not less than Five Dollars ($5.00). Said payments shall be made monthly for a period of ten (10) years from the date of the certification upon this agreement of the actual cost of construction of said extension of the main line, unless said actual cost of construction shall theretofore have been fully repaid, but such payments shall cease and deter-

mine at the end of said ten year period, notwithstanding said actual cost shall not be fully paid at that time, and The Kanawha and West Virginia Railroad Company shall be released from all further payments upon said indebtedness.

It is agreed between the parties, however, that The Kanawha and West Virginia Railroad Company may, at any time, at its option, pay all of said indebtedness to said Coal Company.

4. The acknowledgement of indebtedness herein contained is absolutely non-negotiable and is non-assignable without the written consent of said The Kanawha and West Virginia Railroad Company first had and obtained and endorsed hereon, and if at any time The Stange-Elliott Coal Company, its successors or assigns, shall cease to mine and ship coal from said lease, then, and in that event, this agreement shall become null and void, and all further indebtedness of The Kanawha and West Virginia Railroad Company to said The Stange-Elliott Coal Company, its successors or assigns, shall at once determine and cease.

Witness the signatures of the parties hereto by their officers thereunto properly authorized on the date and year first above written.

Upon the completion of the railway track in conformity with the terms of the contract above, the parties involved agreed to and executed the following:

### CERTIFICATE OF COST.

As provided in the above agreement it is hereby certified that Fifteen Thousand seven hundred sixty-nine and 81/100 ($15769.81) Dollars is the actual cost of constructing the extension of the main line of railroad of the Kanawha and West Virginia Railroad Company provided for by the above contract, of which amount The Stange-Elliott Coal Company has paid Thirteen Thousand Six Hundred sixty-eight and 11/100 ($13668.11) Dollars, leaving due to be paid by the Coal Company to the Railroad Company the sum of Twenty-one hundred and one and 70/100 ($2101.70) Dollars.

### OPINION.

LANSDON: Petitioner prays relief from the taxes asserted by the Commissioner in his deficiency letter on either of two bases: (1) That taxpayer be allowed to charge as a deduction in its return for 1920 the amount of $9,967.78, being that part of the total cost of the railroad which taxpayer estimates it will not recoup from payments of the railroad company; or (2) if the above deduction be not allowed in the 1920 return, that it be permitted to deduct the entire cost of the railroad ($15,769.81) from its 1919 return as a business expenditure.

Considering the latter alternative first, it is sufficient to state that the Board is without jurisdiction to revise the overassessment for the year 1919 or to inquire as to the correctness of the tax assessed in said year for the reason that no deficiency is asserted by the Commissioner in said year, and the finding of a deficiency is a prerequisite to jurisdiction. *Appeal of R. P. Hazzard Co.*, 4 B. T. A. 150; *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The deficiency for 1920 results from the Commissioner's disallowance of the amount of $9,967.78, claimed as a deduction from income in the computation of tax liability for that year. It is not in dispute that this amount was paid or that the railway trackage thereby secured was necessary to the profitable operation of the taxpayer's coal mine. The Commissioner's theory is that the amount in question was a loan by the petitioner to the railroad company to be repaid over a period of ten years. The petitioner admits that it is not certain on what grounds the deduction should be allowed, but contends that, as the money was paid, and in all probability will not be repaid by the railroad company, the amount should be considered in determining its tax liability.

We are satisfied from the plain language of the contract set forth in the findings of fact that the transaction, whereby the petitioner paid to the railroad company the total sum of $15,769.81, was a loan. It follows, therefore, that it is not allowable as a business expense.

*Judgment for the Commissioner.*