*747 OPINION.
Lansdon:
Petitioner prays relief from the taxes asserted by the Commissioner in his deficiency letter on either of two bases: (1) That taxpayer be allowed to charge as a deduction in its return for 1920 the amount of $9,967.78, being that part of the total cost of the railroad which' taxpayer estimates it will not recoup from payments of the railroad company; or (2) if the above deduction be not allowed in the 1920 return, that it be permitted to deduct the entire cost of the railroad ($15,769.81) from its 1919 return as a business expenditure.
Considering the latter alternative first, it is sufficient to state that the Board is without jurisdiction to revise the overassessment' for the year 1919 or to inquire as to the correctness of the tax assessed in said year for the reason that no deficiency is- ásserted by the Commissioner in said year, and the finding of a deficiency is a prerequisite to jurisdiction. Appeal of R. P. Hazzard Co., 4 B. T. A. 150; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255.
*748 The deficiency for 1920 results from the Commissioner’s disallowance of the amount of $9,967.78, claimed as a deduction from income in the computation of tax liability for that year. It is not in dispute that this amount was paid or that the railway trackage thereby secured was necessary to the profitable operation of the taxpayer’s coal mine. The Commissioner’s theory is that the amount in question was a loan by the petitioner to the railroad company to be repaid over a period of ten years. The petitioner admits that it is not certain on what grounds the deduction should be allowed, but contends that, as the. money was paid, and in all probability will not be repaid by the railroad company, the amount should be considered in determining its tax liability.
We are satisfied from the plain language of the contract set forth in the findings of fact that the transaction, whereby the petitioner paid to the railroad company the total sum of $15,769.81, was a loan. It follows, therefore, that it is not allowable as a business expense.

Judgment for the Commissioner.